<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>OMAR MOSTAFA,<br><br>             Defendant. | Crim. No. 22-00529 (GC)<br><br>**<u>MEMORANDUM OPINION</u>** |

**<u>CASTNER, District Judge</u>**

**THIS MATTER** comes before the Court upon Defendant Omar Mostafa's letter dated December 17, 2024 requesting that his remaining term of supervised release be terminated. (ECF No. 19.) The Court has carefully reviewed Defendant's submission and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Mr. Mostafa's Motion is **DENIED**.

**I.      <u>BACKGROUND</u>**

On August 8, 2022, Mr. Mostafa pled guilty to a one-count Information charging him with willful failure to collect or pay taxes in violation of 26 U.S.C. § 7202. (ECF Nos. 1 and 3.) On February 15, 2023, Mr. Mostafa was sentenced to a term of imprisonment of one year and one day, two years of supervised release, a fine of $5,000, restitution of $1,413,576, and a special assessment of $100. (ECF No. 15.) According to Mr. Mostafa, he has completed his term of imprisonment and all financial penalties have been satisfied. (ECF No. 19.) He also submits that "the balance of the term of supervised release (less than 11 months) would appear unnecessary to further any sentence objective and should be terminated" and that terminating supervision would

allow him to visit his family in Egypt "more regularly without taxing the resources of the Pre-Trial Services Office of the Court." (*Id.*)

## II. ANALYSIS

Courts enjoy broad discretion in deciding whether to grant early termination of supervised release. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and [in] the interest of justice." In determining whether the defendant's conduct and the interest of justice warrant the relief sought, courts must consider the following sentencing factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics;
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentence and sentencing range established for the defendant's crimes;
>
> (4) pertinent policy statements issued by the United States Sentencing Commission;
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.2d at 52 (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)).

District Courts need not "make specific findings of fact with respect to each of the factors," nor must they find that extraordinary or changed circumstances exist in order to grant a defendant's request for early termination of supervised release. *Id.* at 52-53. Because § 3553(a) requires that

sentences be "sufficient, but not greater than necessary when first pronounced," however, early termination of supervised release will generally "be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* at 53 (internal citations and quotation marks omitted); *see also United States v. Szymanski*, Cr. No. 12-247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release[.]"). "[M]ere compliance with the terms of . . . supervised release is what is expected . . . , and without more, is insufficient to justify early termination." *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

The Court has considered the § 3553(a) factors and finds that early termination of supervised release is neither warranted nor in the interest of justice. First, the Court remains satisfied that the imposition of Mr. Mostafa's sentence was "sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a)." *United States v. Ferriero*, Cr. No. 13-0592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020). Indeed, Mr. Mostafa has not challenged his sentence. As set forth in the Information, Mr. Mostafa filed tax returns with the Internal Revenue Service that underreported his company's payroll in the amount of approximately $1,500,000 and he was responsible for additional employment taxes of approximately $230,000. (ECF No. 1 ¶¶ 3-4.) As part of his supervised release, the Court imposed certain special conditions including cooperating with the IRS as well as self-employment/business disclosure, which requires Mr. Mostafa to cooperate with the United States Probation Office in the investigation and approval of any position of self-employment and review of any necessary business records. (ECF No. 15 at 3.)

Mr. Mostafa's compliance with all conditions of his release is commendable; however, compliance with the conditions of his supervision is precisely what is expected of him. Further, there is no indication that he has been precluded from travelling abroad to visit his family. (*See* ECF No. 16 (granting Mr. Mostafa's request to travel to Egypt from January 24, 2024 to February 17, 2024); ECF No. 17 (granting Mr. Mostafa's request to travel to Turkey and Egypt from April 26, 2024 to June 18, 2024); ECF No. 18 (granting Mr. Mostafa's request to travel to Egypt from September 16, 2024 to October 12, 2024).) In light of the Court's consideration of the § 3553(a) factors and lack of any "new or unforeseen circumstances" justifying early termination of supervised release, the Court declines to exercise its discretion to terminate Mr. Mostafa's supervised release. *See Melvin*, 978 F.3d at 53.

### III.  CONCLUSION

For the foregoing reasons, and other good cause shown, Mr. Mostafa's Motion (ECF No. 19) is **DENIED**. An appropriate Order follows.

Dated: January 30th, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE